Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| JANET LEGGE,                              ) | **Case No.:** |
| ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| Plaintiff,                  ) | **JURY TRIAL** |
| ) | |
| vs.                          ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| NCO FINANCIAL SYSTEMS, INC,    ) | |
| ) | |
| Defendant.              ) | |

## COMPLAINT

JANET LEGGE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the Wayne, Chester County, Pennsylvania and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

**FACTUAL ALLEGATIONS**

13. Defendant constantly and continuously places collection calls to Plaintiff demanding payment for an alleged debt.

14. Defendant contacted a third party demanding payment of Plaintiff's alleged debt and stated that the Plaintiff owed a debt.

15. Defendant failed to notify the Plaintiff that it was a debt collector. They further failed to notify the Plaintiff that anything said during the conversation would be used in the collection of the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves and failed to state they are confirming or correcting location information (see email from Plaintiff's sister attached hereto as Exhibit "A").

    b. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating that the Plaintiff owes a debt. (see Exhibit "A").

c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

e. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

f. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

g. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, JANET LEGGE, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.


**<u>DEMAND FOR JURY TRIAL</u>**

1      PLEASE TAKE NOTICE that Plaintiff, JANET LEGGE, demands a jury trial in this

2 cause of action.

3                              RESPECTFULLY SUBMITTED,

4 DATED: October 23, 2008          KROHN & MOSS, LTD.

5

6                           By: _____

7                             Ryan Lee

8                           Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    **VERIFICATION OF COMPLAINT AND CERTIFICATION**

3    STATE OF CALIFORNIA

4        Plaintiff, JANET LEGGE, states as follows:
         1.   I am the Plaintiff in this civil proceeding.
5        2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe
              that all of the facts contained in it are true, to the best of my knowledge, information
6             and belief formed after reasonable inquiry.
         3.   I believe that this civil Complaint is well grounded in fact and warranted by existing
7             law or by a good faith argument for the extension, modification or reversal of existing
              law.
8        4.   I believe that this civil Complaint is not interposed for any improper purpose, such as
              to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
9             needless increase in the cost of litigation to any Defendant(s), named in the
              Complaint.
10       5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
         6.   Each and every exhibit I have provided to my attorneys which has been attached to
11            this Complaint is a true and correct copy of the original.
         7.   Except for clearly indicated redactions made by my attorneys where appropriate, I
12            have not altered, changed, modified or fabricated these exhibits, except that some of
              the attached exhibits may contain some of my own handwritten notations.
13
             Pursuant to 28 U.S.C. § 1746(2), I, JANET LEGGE, hereby declare (or certify, verify
14   or state) under penalty of perjury that the foregoing is true and correct.

15
     DATE:  10/23/2008                        _____
16                                                  JANET LEGGE

17

18

19

20

21

22

23

24

25

                              COMPLAINT

# **EXHIBIT A**

Here is a summary of my phone message from NCO Financial:

I was left a message this month on my home phone and the message was:

this message is for Janet and William Legge.  This is Nora with NCO
Financial.  Please contact me at (and they left a 800 number along
with an extension and a reference ID number).

Please note that the message on my home phone number cleary states...
Hello you have reached the Trouts. please leave a name and number and
we will call you back.

I contacted Nora that same day at approximately 3:30 and spoke first with a man who asked me for the ID
reference number which I gave him and he then put me in touch directly with Nora.  Nora told me that
there was an outstanding balance on the american express card of approximately $9,300 and what were
the plans to pay this bill.  She then got very angry when she realized that she was speaking with Lee
Trout despite leaving a message on my machine earlier that day.  At that time I asked to speak with a
supervisior and was connected to someone else who told me that they were trying to get in touch with
Janet Legge and had done a background check and he thanked me for verifying that I was the sister of
Janet Legge and asked me how to get in touch with her.  I told him that was unsure what I was going to
do next and the call ended.  At the end of the call I left a message for you.

Hope this helps.  Love lee

1

## **EXHIBIT B**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness                                                      YES   NO
2. Fear of answering the telephone                                    YES   NO
3. Nervousness                                                        YES   NO
4. Fear of answering the door                                         YES   NO
5. Embarrassment when speaking with family or friends                 YES   NO
6. Depressions (sad, anxious, or "empty" moods)                       YES   NO
7. Chest pains                                                        YES   NO
8. Feelings of hopelessness, pessimism                                YES   NO
9. Feelings of guilt, worthlessness, helplessness                     YES   NO
10. Appetite and/or weight loss or overeating and weight gain         YES   NO
11. Thoughts of death, suicide or suicide attempts                    YES   NO
12. Restlessness or irritability                                      YES   NO
13. Headache, nausea, chronic pain or fatigue                         YES   NO
14. Negative impact on my job                                         YES   NO
15. Negative impact on my relationships                               YES   NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: *I am very afraid to call friends + family members because I don't know who else NCA may have contacted.*

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 10/22/2008

Signed Name

Janet K. Legge
Printed Name